IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Kimberly M. Miller, | ) | Case No. 10-12134 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPINION**[1]

| | |
|---|---|
| LAW OFFICES OF GERRY GRAY | WHITTINGTON & AULGER |
| Gerry Gray, Esq. | Robert T. Aulgur, Jr. Esq. |
| 215 E. Market Street | Kristi J. Doughty, Esq. |
| P.O. Box 549 | 651 N. Broad Street, Suite 206 |
| Georgetown, DE 19947 | P.O. Box 1040 |
| | Middletown, DE 19709 |
| Counsel for Debtor. | Counsel for Plaintiff. |

Dated: January 5, 2011

Sontchi, J. _____

**INTRODUCTION**

Before the Court is the Motion for Relief from the Automatic Stay (the "Motion for Relief from Stay") filed by Chrysler Financial Services Americas LLC (the "Creditor" or "Chrysler Financial"). Kimberly M. Miller (the "Debtor") opposes the relief requested by the Creditor. For the reasons set forth below, the Court grants the Motion for Relief from Stay.

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## JURISDICTION

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

On January 26, 2006, the Debtor purchased a 2006 Chrysler Town & Country Minivan (the "Vehicle") under a Retail Installment Contract with C.F. Schwartz Motor Co. Inc. (the "Dealer"). Pursuant to the contract, the Dealer was granted a purchase money security interest in the Vehicle. Thereafter, the contract was assigned to Chrysler Financial for valuable consideration. Chrysler Financial is now the holder of the contract and the purchase money security interest in the Vehicle.

The Debtor filed a voluntary petition under chapter 7 on June 30, 2010. In her Statement of Intention filed with her Schedules, the Debtor indicated that she would "Continue Payments" on the Vehicle but did not state whether she intended to reaffirm or to redeem the debt. The Debtor remains current with payments for the Vehicle. The Debtor has not executed a reaffirmation agreement nor has she filed a motion to redeem the Vehicle.

The meeting of creditors was held pursuant to Bankruptcy Code section 341 on August 10, 2010. On August 11, 2010, the chapter 7 trustee filed a report of no distribution. Chrysler Financial filed the Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d)(1) on October 7, 2010. The Debtor's discharge was entered on October 13, 2010.

On October 19, 2010, the Debtor filed a Response to the Creditor's Motion for Relief from Stay, seeking the Court to deny the relief requested by the Creditor. On November 3, 2010, the Court held a hearing on the Motion for Relief from Stay and directed each party to submit a letter brief explaining their position. Chrysler Financial filed a Letter Brief in Support of the Motion for Relief from Stay on November 15, 2010, and on November 16, 2010, the Debtor filed a Letter Brief in Response to Chrysler Financial's Motion for Relief from Stay. Briefing is complete and the matter is ripe for decision.

## **DISCUSSION**

The issue before this Court is whether the amendments to title 11, that is, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, eliminated the "ride through" option for a debtor who has failed to enter into a reaffirmation agreement pursuant to 11 U.S.C. §§ 521 and 524. The "ride through" option permits a debtor to retain property, provided that the debtor remains current on the payment due under a secured debt.[2]

In the instant case, the Debtor argues that the car loan "rode through" the bankruptcy case unaffected because the Debtor filed a statement of intention to retain the Vehicle and remains current with her payments. The Debtor relies on the Third Circuit's decision in *Price v. Delaware State Police Fed. Credit Union* (*In re Price*), 370 F.3d 362 (3d Cir. 2004), in which the Third Circuit held that retaining personal property

---

[2] *See In re Baker*, 390 B.R. 524, 527 (Bankr. D. Del. 2008) (describing the "fourth option" for retention of secured property), *aff'd*, 400 B.R. 136 (D. Del. 2009).

3

while remaining current on payments was not precluded under former section 521(2) of the Bankruptcy Code.[3] The Debtor also relies on this Court's recent decision in *Baker*, in which this Court held that the "ride through" option was not completely eliminated by amendments enacted as part of BAPCPA.[4]

  a. **Section 521(a)(2)(A)**

In *Price,* the Third Circuit held that found nothing in the Bankruptcy Code precluded the "ride through" option. The Court emphasized the following language of section 521: "the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property, and *if applicable*, specifying … that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property."[5] The Debtors argue that this language has not been changed by any of the amendments contained in BAPCPA, and, therefore, the "ride through" option remains available.

  b. **Section 521(a)(6)**

Chrysler Financial asserts that the addition of section 521(a)(6) has eliminated the "ride through" option. Section 521(a)(6) provides that

> [I]n a case under chapter 7 of this title in which the debtor is an individual, the [debtor shall] not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not

---

[3] *Price v. Delaware State Police Fed. Credit Union* (*In re Price*), 370 F.3d 362, 372 (3d Cir. 2004).

[4] *In re Baker*, 390 B.R. at 530.

[5] 11 U.S.C. § 521(2)(A) (as amended, emphasis added).  Under BAPCPA, section 521(2)(A) was renumbered 521(a)(2)(A), but the relevant language addressed by the *Price* Court remains the same.

4

> later than 45 days after the first meeting of creditors under section 341(a), either –
>
> (A) enters into [a reaffirmation] agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
> (B) redeems such property from the security interest pursuant to section 722.
>
> If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law….[6]

In particular, Chrysler Financial asserts that because the Debtor did not reaffirm the debt or redeem the Vehicle by September 24, 2010, the automatic stay has expired and the Debtor is no longer entitled to retain possession of the Vehicle. The Debtor contends that section 521(a)(6) is inapplicable because Chrysler Financial does not possess an "allowed claim" for the purchase price of the Vehicle. No proof of claim was filed by Chrysler Financial in this case and, therefore, no claim was allowed.

The interpretation advocated by the Debtor would mean that section 521(a)(6) of the Bankruptcy Code is unavailable for secured creditors in no-asset cases. Although that may seem a strange result, the plain meaning of the statute requires such a conclusion.

In a chapter 7 liquidation case, the notice sent to creditors advises that claims should not be filed until creditors receive notice that assets have been located from

---

[6] 11 U.S.C. § 521(a)(6).

<pre>
</pre>

which a distribution may be made.[7]  The consequence is that generally in a chapter 7 case, there is not an "allowed claim" as required by the statute.

The phrase "allowed claim" is not defined in the Bankruptcy Code, but it does possess a clear meaning in bankruptcy.[8]  Allowability of claims has been described as "exclusively a bankruptcy concept" and the "Bankruptcy Code is keyed to allowable claims."[9]  In addition, section 502 of the Bankruptcy Code discusses the allowance of claims.  Under section 502, a claim becomes allowed in one of three ways: (1) a proof of claim is filed and no party objects; (2) a claim is allowed by the court after an objection is filed; (3) and, a claim is estimated by the court under the provisions of section 502(c).[10]

Application of section 521(a)(6) is predicated upon a creditor possessing an "allowed claim for the purchase price secured in whole or in part by an interest" in the collateral.  It is clear from the express language of section 521(a)(6) that the applicability of section 521(a)(6) requires a creditor to possess an "allowed claim."  If Congress had intended section 521(a)(6) to apply to any legitimate purchase-money secured claim, even if no proof of claim is filed, it would not have used the phrase "allowed claim," but rather, simply "claim." [11]  In addition, the Court finds it significant that Congress used the term "allowed claim" in section 521(a)(6), but not in another section added

---

[7] *See* Fed. R. Bankr. P. 2002(e)

[8] *See In re Rowe*, 342 B.R. 341, 349 (Bankr. D. Kan. 2006).

[9] *Id*. (citing 4 Collier on Bankruptcy ¶ 502.01 (Alan N. Resnick & Henry J. Somme reds.-in-chief, 15th ed. Rev. 2006))

[10] *See* 11. U.S.C. § 502

[11] *In re Anderson*, 348 B.R. at 657.

with BAPCPA, section 362(h).[12]  This Court will not ignore Congress' choice of words. "It is our duty to give effect, if possible, to every clause and word of a statute."[13] Accordingly, section 521(a)(6) is unavailable to creditors like Chrysler Financial that have not filed a proof of claim.

   c. **Sections 521(a)(2)(C) & 362(h)(1)**

The language on which the Third Circuit relied in *Price* was not changed by BAPCPA. Section 521(a)(2)(C) was amended, however, to add the following highlighted provision to section 521(a)(2)(C): "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, *except as provided in section 362(h)*."[14]  Section 362(h) was added by BAPCPA and provides for termination of the automatic stay in certain circumstances:

> (1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)
>
>> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal

---

[12] *Id.* (quoting *Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) ("where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acted intentionally and purposefully in the disparate inclusion and exclusion")).

[13] *Id.* (quoting *Duncan v. Walker*, 533 U.S. at 174, 121 S.Ct. 2120).

[14] 11 U.S.C. § 521(a)(2)(C) (emphasis added).

7

> > property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
> 
> > (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to reaffirmation on such terms.[15]

Therefore, section 362(h) provides that the stay will be terminated and the collateral will no longer be property of the estate if the debtor fails *to file and to perform* a statement of intention to surrender, to redeem, to reaffirm or, in the case of leased property, to assume the unexpired lease.[16]

Although BAPCPA's amendments to sections 521(a)(2)(A) and (B) did not eliminate the "ride through" option and a debtor conceivably could insert language in their statement of intention that she will "retain collateral and continue to make regular payments" (as the Debtor did here) without violating those sections, such a stated intention fails to comply with section 362(h)(1)(A)'s further limitation.[17] Now, section 362(h) requires that a failure to redeem or to reaffirm within the applicable time period terminates the automatic stay with respect to personal property of the estate or the

---

[15] 11 U.S.C. § 362(h)(1).

[16] *In re Baker*, 390 B.R. at 529.

[17] *In re Steinhaus*, 349 B.R. 694, 701 (Bankr. D. Idaho 2006).

debtor.[18] New section 362(h) thus changed the pre-BAPCPA analysis because the debtor must now indicate whether she will surrender, reaffirm, redeem, or assume an unexpired lease, *and then perform accordingly*. Consequently, the pre-BAPCA "ride through" option available to debtors in the Third Circuit has been narrowed.

In *Baker*, this Court permitted a "ride through" for a debtor who substantially complied with sections 521(a)(2) and 362(h). In that case, the debtor filed a statement of intention to retain the collateral and to continue to make payments but then entered into a reaffirmation agreement (that this Court later refused to approve because it constituted an undue hardship on the debtor). The debtor's compliance with sections 521(a)(2)(C) and 362(h) was essential to this Court allowing a "ride through" option in *Baker*.[19]

The Code now requires a debtor to do more than merely stating that she intends to continue to make payments on a debt. In the instant case, by failing to indicate one of the statutory options in her Statement of Intention and by not entering into a reaffirmation agreement or redeeming the property, the Debtor has failed to comply with the requirements of sections 521(a)(2)(C) and 362(h). Consequently, the Court will grant Chrysler Financial's Motion for Relief from the Automatic Stay.

---

[18] 11 U.S.C. § 362(h)(1).
[19] Indeed, the debtors' entry into a reaffirmation agreement was the linch pin of the entire holding. The Court distinguished a number of cases that granted stay relief because the "debtor failed to file a statement of intention, filed a statement of intention to reaffirm but did not reaffirm the debt, or filed a statement of intention that did not indicate one of the three options in that section but did not cure by entering into a reaffirmation agreement." *In re Baker*, 390 B.R. at 524. The fundamental question in *Baker*, which is not at issue here, was whether the debtor complied with section 362 by entering into a reaffirmation agreement that the Court refused to approve. The Court ruled that the debtor had complied with the statute by entering into the agreement and the Courts' refusal to approve it was of no moment. *Id. at 529-30.*

## CONCLUSION

For the above reasons, the Court grants the Motion for Relief from Automatic Stay as to the Debtor's Vehicle for failure to comply with sections 521(a)(2)(C) and 362(h) of the Bankruptcy Code. An order will be entered.